

'08 CIV 4747

Theodore V. H. Mayer
Vilia B. Hayes
Robb W. Patryk
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
(212) 837-6000
hayes@hugheshubbard.com

*Attorneys for Defendant Merck & Co., Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
LYDIA AROCHO,                                       :     No.: _____
                                                    :
                                Plaintiff,          :
                                                    :     **NOTICE OF REMOVAL OF**
                -against-                            :     **DEFENDANT MERCK & CO.,**
                                                    :     **INC.**
MERCK & CO., INC.,                                  :
                                                    :
                                Defendant.          :
- - - - - - - - - - - - - - - - - - - - - - - - - x

PLEASE TAKE NOTICE that Merck & Co., Inc. ("Merck") hereby removes this

action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the Supreme Court of the State of

New York, County of New York to the United States District Court for the Southern District of

New York and respectfully states to this Court the following:

1.       This action involves allegations regarding the prescription drug Vioxx®.

On February 16, 2005, the Judicial Panel on Multidistrict Litigation issued an order transferring

148 Vioxx products liability cases to the United States District Court for the Southern District of

Louisiana (Fallon, J.) for coordinated pretrial proceedings under 28 U.S.C. § 1407. *In re Vioxx*

*Prods. Liab. Litig.*, 360 F. Supp. 2d 1352 (J.P.M.L. 2005). Merck intends to seek the transfer of

this action to that Multidistrict Litigation, *In re Vioxx Marketing, Sales Practices and Products*

60289754_1.DOC

*Liability Litigation,* MDL No. 1657, and will shortly provide to the MDL Panel notice of this action pursuant to the "tag-along" procedure contained in the MDL Rules.

2.      Plaintiff Lydia Arocho ("Plaintiff") filed this civil action against Merck in the Supreme Court of the State of New York, County of New York, bearing Index Number 106616/08. Plaintiff seeks damages for "serious personal injuries including but not limited to a stroke" that she alleges were caused by her use of the prescription medicine Vioxx. (Compl. ¶ 6, 7.) Plaintiff's claims are based on theories of strict liability, negligence and gross negligence, breach of implied and express warranties, and negligence per se.

3.      As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because Merck has (1) satisfied the procedural requirements for removal and (2) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## I.  MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

4.      Merck was served with a copy of the Complaint on May 19, 2008. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1441. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit 1.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 112(b) because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

6.      No previous application has been made for the relief requested herein.

7.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Court for the Supreme Court of the State of New York, County of New York.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

8.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest and is between citizens of different states.

### A.    Complete Diversity Of Citizenship

9.    There is complete diversity between Plaintiff, a citizen of New York, and Merck, a citizen of New Jersey.

10.    Upon information and belief, Plaintiff is a citizen of the State of New York.[1]

11.    Merck is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of New Jersey with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey and, therefore, is a citizen of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

### B.    The Amount In Controversy Requirement Is Satisfied.

12.    It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest. Plaintiff seeks compensatory damages for alleged "serious personal injuries including but not limited to a stroke and attendant left side weakness" that Plaintiff alleges were caused by her use of the pharmaceutical Vioxx, which was manufactured by Merck. (Compl. ¶ 6, 7.) The foregoing makes it apparent that the

---

1.    According to the Summons and Complaint, Plaintiff is a resident of New York. (Summons; Compl. ¶ 1.) Accordingly, New York is the state in which Plaintiff is domiciled, and therefore the state of which she is a citizen. See 28 U.S.C. § 1332(a); see also Linardos v. Fortuna, 157 F.3d 945, 946 (2d Cir. 1998) ("[f]or purposes of diversity jurisdiction, a party's citizenship depends on his domicile.").

amount in controversy for Plaintiff is well in excess of $75,000. *See, e.g., James v. Gardner,* 2004 U.S. Dist. LEXIS 23174, *10 (E.D.N.Y. 2004) (where plaintiff fails to represent a definitive amount in controversy, the court may look to defendant's petition for removal for a showing of reasonable probability that plaintiff's claim for damages exceeds the jurisdictional amount).

13.    Federal courts around the country have ruled that subject matter jurisdiction pursuant to 28 U.S.C. § 1332 exists in similar actions alleging personal injuries caused by Vioxx and, either explicitly or implicitly, concluded that the amount in controversy exceeded $75,000. *See, e.g., Morgan v. Merck & Co., Inc.,* No. 3:03cv435WS, slip op. at 2 (S.D. Miss. Mar. 29, 2004); *Benavidez v. Merck & Co., Inc.,* No. L-03-134, slip op. at 1 (S.D. Tex. Apr. 16, 2004); *Stubblefield v. Merck & Co., Inc.,* Civ. No. H-02-3139, slip op. at 1 (S.D. Tex. Oct. 8, 2002); *Zeedyk v. Merck & Co., Inc.,* No. 02-C-4203, slip op. at 1 (N.D. Ill. August 30, 2002); *Abrusley v. Merck & Co., Inc.,* No. 02-0196, slip op. at 2 n.2 (W.D. La. June 18, 2002); *Jones v. Merck & Co., Inc.,* Civ. No. 02-00186, slip op. at 2 (D. Haw. June 5, 2002). (Slip opinions attached collectively, as Exhibit 2.) These courts were all confronted by similar complaints in which plaintiffs alleged that they suffered similar injuries as a result of their use of Vioxx, and all found, either explicitly or implicitly, that the requirements for federal diversity jurisdiction, including the amount in controversy, were satisfied.

WHEREFORE, Defendant Merck respectfully removes this action from the Supreme Court of the State of New York, County of New York, pursuant to 28 U.S.C. § 1441.

4

DATED:     New York, New York
           May 21, 2008

                              Respectfully submitted,

                              HUGHES HUBBARD & REED LLP


                              By: *Vilia B. Hayes*
                              Theodore V. H. Mayer
                              Vilia B. Hayes
                              Robb W. Patryk
                              hayes@hugheshubbard.com

                              One Battery Park Plaza
                              New York, New York 10004-1482
                              (212) 837-6000

                              *Attorneys for Defendant Merck & Co., Inc.*

# Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------X
LYDIA AROCHO,

                   Plaintiff,

    -against-

MERCK & CO., INC.,

                   Defendant.
---------------------------------------X

**COMPLAINT**

    Plaintiff, by her attorneys, PODLOFSKY & ORANGE, LLP, as and for their complaint against the defendant, herein allege as follows upon information and belief:

    1.   At all relevant times, plaintiff was and is a citizen and resident of New York State, County of New York, and resides at 80 Baruch Drive, Apartment 9E.

    2.   At all relevant times, upon information and belief, defendant, MERCK & CO., INC., was and is a business entity existing under the laws of the State of New Jersey, with its principal place of business located at 100 Merck Drive in Whitehouse Station, New Jersey. Upon information and belief, at all relevant times, defendant, MERCK & CO., INC., was and is duly authorized to do business, and regularly does and/or solicits business, in the State of New York, and derives substantial revenue from goods used or consumed in the State of New York.

3.  Vioxx® is a medication designed, engineered, produced, manufactured, marketed, distributed and promoted by the defendant particularly for use in patients suffering from arthritis and acute pain.

4.  Contrary to the representations and promises made by defendant as to the effectiveness, safety and reliability of Vioxx®, such products were in fact defective, caused deleterious side effects, including but not limited to cardiovascular problems including strokes and heart attacks, and were not suitable for use in patients.

5.  Defendant, MERCK & CO., INC., ultimately removed Vioxx® from the marketplace on or about September 30, 2004 due to its aforementioned defective nature and in to a study which recognized these deleterious effects.

6.  Plaintiff LYDIA AROCHO began taking Vioxx® in 2002, and continued through May 21, 2005, during which period she contracted serious personal injuries including but not limited to a stroke and attendant left sided weakness. .

7.  LYDIA AROCHO's aforementioned symptomology was proximately caused by the Vioxx® which was administered to her.

8.  Defendant, MERCK & CO., INC. designed, manufactured, marketed, sold and distributed Vioxx® to hospitals, physicians, the public at large, patients generally, including the plaintiff herein; failed to disclose that Vioxx® was defective and would

M0EA11705

cause, inter alia, cardiovascular ailments including heart attacks, and strokes, and otherwise fail when exposed to normal conditions, and even after failures had been reported to them, defendant continued to represent to its physician-customers, patient-customers and others, including the plaintiff herein, that Vioxx® was an acceptable medication for patient use; and, impliedly warranted that the Vioxx® medication was of merchantable quality, fit for the ordinary purpose of such materials, and suitable for the particular purposes for which they were intended.

9. Vioxx® medications have and had a higher failure rate and incidence of causing the foregoing symptomology than similar arthritis and acute pain medications in the marketplace.

10. The Vioxx® medication administered to LYDIA AROCHO was contained, developed, designed, manufactured, distributed, promoted, sold and marketed by defendant, MERCK & CO., INC.

11. Defendant, MERCK & CO., INC., knew or should have known but failed to disclose that Vioxx® would cause the foregoing symptomology in patients and otherwise fail when used in ordinary applications.

12. The defects in Vioxx® are latent and self-concealing. Accordingly, all applicable statutes of limitations have been tolled.

## AS AND FOR A FIRST CAUSE OF ACTION

13.    Plaintiff realleges and incorporates herein each and every allegation contained in the complaint as if fully set forth herein.

14.    Defendant, MERCK & CO., INC. have been at all pertinent times in the business of designing, manufacturing, testing, inspecting, marketing, distributing and/or selling Vioxx® which were prescribed to LYDIA AROCHO.

15.    By producing selling, marketing, and/or introducing Vioxx® products into the stream of commerce, defendant, MERCK & CO., INC. represented that it was safe and suitable for their foreseeable use.

16.    Vioxx® products were expected to and did reach consumers, including the plaintiff herein, without substantial change in the condition in which they were designed, produced, manufactured, sold, distributed and/or marketed by the defendant, MERCK & CO., INC. and in the condition which defendant intended them to reach such consumers.

17.    Vioxx® products were in fact defective and unreasonably dangerous in that, among other things, defendant, MERCK & CO., INC. failed to give instructions and/or gave inadequate or improper instructions or warnings covering Vioxx®; failed to advise that Vioxx® products were inherently defective and would cause damages to plaintiff with the foreseeable use of the

MODEA11707

product; and, failed to adequately engineer, design, and test Vioxx® to assure its safety for administration in human subjects.

18.  Plaintiff LYDIA AROCHO used Vioxx® in a foreseeable manner and for the purposes and in a manner normally intended.

19.  The defects in Vioxx® were a substantial factor in causing damages to the plaintiff herein.

20.  Plaintiff LYDIA AROCHO could not by the exercise of reasonable care have avoided the damages or discovered the defects herein mentioned and/or perceived their danger.

21.  By reason of the foregoing, defendant is strictly liable to plaintiff.

## AS AND FOR A SECOND CAUSE OF ACTION

22.  Plaintiff realleges and incorporates herein each and every allegation contained in the complaint as if fully set forth herein.

23.  Defendant owed a duty to plaintiff to exercise the ordinary care and diligence that would have been exercised by a reasonable and prudent designer, manufacturer, producer, distributor, marketer and seller under the same or similar circumstances.

24.  Defendants violated the duty they owed to the plaintiff to exercise the ordinary care and diligence that would have been exercised by a reasonable and prudent designer, manufacturer, retailer, distributor, producer, marketer and seller under the

M03EA11708

same or similar circumstances.

25.  Defendant, MERCK & CO., INC. were negligent in that they developed, designed, marketed, distributed and sold Vioxx® products; failed to adequately inspect or test Vioxx® before introducing it into the marketplace; failed to give warnings or disclosures and/or timely warnings or disclosures regarding the limitations of use of Vioxx®; represented that Vioxx® would be suitable for administration to humans, generally, and sufferers of arthritis and acute pain, such as the plaintiff herein, specifically; and, recommended or specified Vioxx® for use in treating patients for acute pain and arthritis, such as the plaintiff herein.

26.  Defendant, MERCK & CO., INC.'s actions also constitute gross negligence.  Such actions were made with knowing disregard for or reckless indifference to the rights of plaintiff, and the reliance of plaintiff on defendant, MERCK & CO., INC.'s reputation for designing, manufacturing, distributing and selling superior quality medical products and medication.

27.  By reason of defendant's aforesaid negligence, plaintiff sustained serious personal injuries and other damages, and defendant, MERCK & CO., INC. is therefore liable to plaintiff.

## AS AND FOR A THIRD CAUSE OF ACTION

28.  Plaintiff realleges and incorporates herein each and

every allegation contained in the complaint as if fully set forth herein.

29.  Defendant, MERCK & CO., INC., as the designer, manufacturer, distributor, seller, and/or marketer of Vioxx® products impliedly warranted that they were safe, merchantable and fit for the ordinary purposes for which they were used.

30.  In fact, said warranties were false in that Vioxx® products were and are not safe and not fit for the use intended, and were and are not of merchantable quality.

31.  Defendant, MERCK & CO., INC., breached this implied warranty, because Vioxx® products are not and never have been safe, merchantable and/or reasonable for ordinary use, but instead are defective.

32.  Plaintiff used Vioxx® products for their intended use and/or in a reasonably foreseeable manner.

33.  Accordingly, defendant, MERCK & CO., INC., is liable to plaintiffs.

34.  By reason of the foregoing, as well as plaintiff's reliance on defendant, MERCK & CO., INC.'s reputation for designing, manufacturing, marketing, selling and distributing superior products, plaintiffs have sustained serious personal and other injuries, including but not limited to stroke and severe left sided weakness.

### AS AND FOR A FOURTH CAUSE OF ACTION

35.  Plaintiff realleges and incorporates herein each and every allegation contained in the complaint as if fully set forth herein.

36.  Defendant, MERCK & CO., INC., as the designer, manufacturer, distributor, marketer and/or seller of Vioxx®, impliedly warranted that Vioxx® was fit for the particular purposes for which it was used.

37.  Defendant, MERCK & CO., INC., at the time they designed, sold, manufactured, marketed and/or distributed Vioxx® and its systems, knew or had reason to know, the purpose for which it would be used by patients such as the plaintiff herein.

38.  Defendant, MERCK & CO., INC., because of its superior knowledge and skill, knew or had reason to know that consumers, including plaintiff, would justifiably rely on defendant, MERCK & CO., INC.'s knowledge and skill in electing to take Vioxx®.

39.  Plaintiff relied on defendant, MERCK & CO., INC.'s knowledge and skill in choosing to take Vioxx®.

40.  Defendant, MERCK & CO., INC., by designing, manufacturing, creating, distributing, marketing and selling a product that causes the aforementioned symptomology, created, designed, manufactured, distributed, marketed and sold a product with a concealed hazard which was inherently dangerous.

41.  Defendant, MERCK & CO., INC., breached the implied warranty of fitness for a particular purpose by designing,

manufacturing, distributing and selling Vioxx® products, which were not fit for their particular purpose.

42. By reason of the foregoing, defendant, MERCK & CO., INC., is liable to plaintiff.

43. As a result of the negligent, intentional, and otherwise illegal conduct of the defendant, MERCK & CO., INC., as aforesaid, and in relying on the foregoing representations, and defendants' reputation in the medical products community as designers, manufacturers, distributors and sellers of superior quality products, the plaintiff was caused to suffer substantial personal and other injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION

44. Plaintiff realleges and incorporates herein each and every allegation contained in the complaint as if fully set forth herein.

45. Defendant, MERCK & CO., INC., made assertions and/or promises of fact relating to Vioxx® to the government, public, and arthritis community including the plaintiff, including, but not limited to, assertions and/or promises that Vioxx® was fit and safe for use in patients, and that Vioxx® was a superior material for use in patients with acute pain.

46. Defendant, MERCK & CO., INC., intended through its assertions to induce patients with arthritis and acute pain, including the plaintiff herein, to elect to take Vioxx® products

MDLEA11712

designed, manufactured and distributed by defendant administered to her.

47. These assertions were express warranties that were relied upon by the plaintiff in choosing to take Vioxx®.

48. Defendant, MERCK & CO., INC., breached these warranties by offering for sale Vioxx® products that did not conform to defendant's assertions and/or promises.

49. By reason of the foregoing, defendants, MERCK & CO., INC., are liable to plaintiff.

50. As a result of the negligent, intentional, and otherwise illegal conduct of the defendants as aforesaid, and in relying on the foregoing representations, and defendant, MERCK & CO, INC.'s reputation in the medical products community as designers, manufacturers, distributors and sellers of superior quality products, the plaintiffs herein were damaged.

51. Defendant, MERCK & CO., INC., made assertions and/or promises of fact relating to Vioxx® to the government, public, and arthritis community including the plaintiff, including, but not limited to, assertions and/or promises that Vioxx® was fit and safe for use in patients, and that Vioxx® was a superior material for use in patients with arthritis of acute pain.

52. Defendant, MERCK & CO, INC., intended through its assertions to induce patients with arthritis and acute pain, including the plaintiff herein, to elect to take Vioxx® products

designed, manufactured and distributed by defendant administered to her.

53. These assertions were express warranties that were relied upon by the plaintiff in choosing to take Bextra®.

54. Defendant, MERCK & CO, INC., breached these warranties by offering for sale Vioxx® products that did not conform to defendant's assertions and/or promises.

55. By reason of the foregoing, defendant, MERCK & CO, INC., is liable to plaintiff.

56. As a result of the negligent, intentional, and otherwise illegal conduct of the defendants as aforesaid, and in relying on the foregoing representations, and defendant, MERCK & CO., INC's reputation in the medical products community as designers, manufacturers, distributors and sellers of superior quality products, the plaintiff herein was damaged and defendant is liable to her.

## AS AND FOR A SIXTH CAUSE OF ACTION

57. Plaintiff realleges and incorporates herein each and every allegation contained in the complaint as if fully set forth herein.

58. Defendant, MERCK & CO., INC., as the manufacturer, distributor, designer, marketer and seller of Vioxx®, designed and promoted for use in the human body, was required by Federal law and certain rules and regulations of the United States Food

MODEA11714

and Drug Administration ("FDA") to file accurate pre-market approval reports and other product safety information with the FDA; establish and maintain procedures for receiving, reviewing and evaluating complaints concerning Vioxx® materials in accordance with the Code of Federal Regulations; analyze all sources of quality data to identify trends of quality problems in accordance with the Code of Federal Regulations; maintain adequate device master records that include packaging and labeling specifications, including the methods and processes used, in accordance with the Code of Federal Regulations; and, document training to ensure that all personnel are trained to adequately perform their assigned responsibilities in accordance with the Code of Federal Regulations.

59. As a manufacturer, distributor, designer, marketer and seller of a product for implantation in the human body, defendant, MERCK & CO., INC., was required by Federal law and FDA rules and regulations to conduct substantial tests on its product, namely, Vioxx® prior to the sale and distribution of these devices for ultimate implantation in the patients' bodies.

60. Defendant, MERCK & CO., INC., failed to comply with the foregoing Federal laws and regulations.

61. As a result of the defendant, MERCK & CO., INC.'s failure to properly comply with the aforesaid statutory and regulatory requirements governing the marketing, sale,

manufacture, testing and distribution of Vioxx® the defendant was "negligent per se" under New York law.

62.   The defendant, MERCK & CO., INC.'s presumptive negligence in the manufacture, sale, testing and distribution of Vioxx® was a substantial factor in causing the aforesaid damages sustained by plaintiff.

63.   Accordingly, defendants, MERCK & CO., INC., are liable to plaintiff for their aforesaid damages.

WHEREFORE, plaintiff demands judgment on the FIRST through SIXTH Causes of Action in a sum of money that exceeds the jurisdiction of all lower courts that may otherwise have jurisdiction over this subject matter, together with attorneys' fees, interest and costs; and such other and further relief as this Court deems just and proper.

Dated:    Great Neck, New York
          May 9, 2008

                                  Yours, etc.,

                                  PODLOFSKY & ORANGE
                                  Attorneys for Plaintiff(s)

                                  By: _____
                                      Ira C. Podlofsky
                                      98 Cutter Mill Road
                                      Suite 299-North
                                      Great Neck, New York 11021
                                      (516) 487-7300

To:
MERCK & CO., INC.
One Merck Drive

M00EA.1716

P.O. Box 100
Whitehouse Station, New Jersey 08889

M0EA11717

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK



-----------------------------------X

LYDIA AROCHO,

                                    Index No.: 106616/08
                Plaintiff,          Date Purchased: 5/13/08


    -against-                       **S U M M O N S**

MERCK & CO., INC.,                  PLAINTIFF DESIGNATES
                                    NEW YORK COUNTY AS THE
                Defendant.          PLACE OF THE TRIAL

-----------------------------------X

THE BASIS OF VENUE IS PLAINTIFF'S RESIDENCE
80 Baruch Drive, Apartment 9E
New York, New York 10002

        TO THE ABOVE NAMED DEFENDANT:

        YOU ARE HEREBY SUMMONED to answer the Complaint in this
action and to serve a copy of your answer on the plaintiff's
attorney within 20 days after the service of this summons,
exclusive of the day of service of this summons, or within 30
days after service of this summons is complete if this summons
is not personally delivered to you within the State of New York.

        In case of your failure to answer this summons, a
judgment by default will be taken against you for the relief
demanded in the complaint, together with the interest costs
and/or disbursements of this action.

DATED:    Great Neck, New York
          May 9, 2008

                              IRA C. PODLOFSKY, Esq.
                              PODLOFSKY & ORANGE, LLP.
                              Attorneys for Plaintiff
                              98 Cutter Mill Road
                              Great Neck, New York 11201
                              516-487-7300

DEFENDANT'S ADDRESS:
MERCK & CO., INC.
One Merck Drive

P.O. Box 100
Whitehouse Station, New Jersey 08889



M00EA11721

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JANET SUE MORGAN, ET AL.                                      PLAINTIFFS

VS.                                        CIVIL ACTION NO.3:03cv435WS

MERCK & CO., INC., ET AL.                                     DEFENDANTS

### ORDER DENYING PLAINTIFFS' MOTION TO REMAND
### AND GRANTING DEFENDANTS' PENDING MOTIONS

THIS CAUSE came before the Court on:

1.     Plaintiffs' Motion to Remand (#6);

2.     Defendant Dr. Randall Smith's Motion for Summary Judgment (#19);

3.     Defendant Merck & Co., Inc.'s ("Merck") Motion to Reconsider the Court's Order
Granting Plaintiffs' Leave to File First Amended Complaint (#23);

4.     Merck's Motion to Stay Order Granting Plaintiffs' Leave to File Amended
Complaint (#24);

5.     Plaintiffs' Motion For Leave To File First Amended Complaint (#14).

Having reviewed the Motions, briefs, supplemental submissions, exhibits and legal
authorities submitted by the parties, having heard the argument of counsel and having otherwise
fully considered the above-referenced Motions, the Court is of the opinion that the Defendants'
Motions are well-taken and should be granted and that Plaintiffs' Motion to Remand and
Plaintiffs' Motion For Leave To File First Amended Complaint are not well-taken and should be
denied.

IT IS HEREBY ORDERED that:

1.      Plaintiffs' Motion to Remand (#6) is denied, because Dr. Randall Smith is fraudulently joined. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship as between Plaintiffs and Merck, the only properly joined defendant, and the amount in controversy for each plaintiff exceeds $75,000, exclusive of interest and costs.

2.      Dr. Randall Smith's Motion for Summary Judgment (#19) is granted. Judgment is hereby entered in favor of Dr. Smith.

3.      Dr. Smith and Fictitious Defendants A, B, C and D are dismissed with prejudice from this lawsuit.

4.      Merck's Motion to Reconsider the Court's Order Granting Plaintiffs Leave to File First Amended Complaint (#23) and Merck's Motion to Stay Order Granting Plaintiffs Leave to File Amended Complaint (#24) are granted. Accordingly, the Court's Order granting Plaintiffs' Motion For Leave To File First Amended Complaint (#17) is vacated, Plaintiffs' Motion For Leave To File First Amended Complaint (#14) is denied, and Plaintiffs' First Amended Complaint (#13) is stricken and dismissed.

5.      The Stay Order entered on the Rule 16.1 Case Management Conference (#9) is lifted. The parties shall submit a Case Management Order to the Court by 5:00 p.m. on Friday, February 27, 2004.

SO ORDERED this the 26th day of _March_____ 2004.

_____
UNITED STATES DISTRICT JUDGE

Civil No. 3:03-cv-435 WS
Order Denying Plaintiffs' Motion to Remand
and Granting Defendants' Pending Motions

Approved as to form:

*Dave Micelli* (SAT w/ permission)
Counsel for Plaintiffs

*Anita Modak-Turan*
Counsel for Defendant Merck & Co., Inc.

*Michael Coleman* (Anith w/ permission)
Counsel for Defendant Randall Smith, M.D.

JACKSON 839879v1

Civil No. 3:03-cv-435 WS
Order Denying Plaintiffs' Motion to Remand
and Granting Defendants' Pending Motions

3

MDDE 25055

M00DAG4414

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

APR 1 6 2004

PATRICIA BENAVIDES, Individually §
and as Representative of the ESTATE OF §
LUCIA GUTIERREZ, §
§
Plaintiffs, §
§
v. § Civil Action No. L – 03 – 134
§
MERCK & CO., INC., CARLOS §
CIGARROA, M.D., MERCY HOSPITAL, §
AND DENNIS CANTU, M.D., §
§
Defendants. §

## ORDER

Pending before the Court is Plaintiffs' Motion to Remand [Doc. No. 6] and Defendant

Dennis Cantu, M.D.'s Motion to Dismiss [Doc. No. 41]. The Motion to Remand was referred to

Magistrate Judge Adriana Arce-Flores for a report and recommendation. Judge Arce-Flores filed

the Report and Recommendation on February 24, 2004. No party has objected to the Report and

Recommendation. *See* 28 U.S.C. 636(b). "A party who fails to file written objections to a

magistrate judge's proposed findings and recommendations waives the objection..." *United*

*States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000). Finding no clear error, this Court accepts

the Report and Recommendation. Accordingly, Plaintiffs' Motion to Remand is hereby

DENIED and all claims against Dr. Carlos Cigarroa, Dr. Dennis Cantu, and Mercy Hospital are

hereby DISMISSED WITH PREJUDICE.

43

M00DA64415

Having adopted the Report and Recommendation, the Court has already dismissed all claims against Dr. Cantu. For that reason, the pending Motion to Dismiss is DENIED AS MOOT.

IT IS SO ORDERED.

SIGNED this ____ day of April, 2004.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.

3731 and Jim Staley 3730

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

OCT 0 9 2003

Michael N. Milby, Clerk of Court

KIMBERLY STUBBLEFIELD, et al.        §
§
versus                               §        CIVIL ACTION NO. H-02-3139
§
MERCK & COMPANY, INC., et al.        §

## ORDER

Pending before the Court is Plaintiff's Motion to Reassign Case to Original Court (H-02-3490) and to Consolidate Cases with Civil Action No. H-02-3139 (Instrument No. 23). The Motion to Consolidate (Instrument No. 23-1) is DENIED. This Court has no authority to reassign either of the other two cases referenced by Plaintiff and accordingly that Motion (Instrument No. 23-3) is also DENIED. The matter has been referred to the District Clerk's Office to determine if Defendants wrongfully failed to indicate that the case was related to one that had previously been remanded in order to forum shop.

The Clerk shall enter this Order and provide a copy to all parties.

SIGNED on this the 9th day of October, 2003, at Houston, Texas.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

27

MOODA6417

**United States District Court, Northern District of Illinois**

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4203 | **DATE** | 8/30/2002 |
| **CASE TITLE** | Scott Zeedyk, on behalf of himself and all other persons similarly situated vs. Merck & Co., Inc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Plaintiff's Motion to Remand back to Circuit Court of Cook County for lack of jurisdiction pursuant to 28 U.S.C. § 1447(c)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due _____ . Reply to answer brief due _____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) . ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    For the reasons set forth on the reverse side of this minute order, Zeedyk's motion to remand for lack of subject matter jurisdiction is DENIED [7].

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| No notices required, advised in open court. | | | |
|---|---|---|---|
| No notices required. | | | |
| Notices mailed by judge's staff. | | | |
| Notified counsel by telephone. | | number of notices | |
| X Docketing to mail notices. | | SEP 03 2002 | 10 |
| Mail AO 450 form. | | date docketed | |
| Copy to judge/magistrate judge. | | | |
| courtroom deputy's initials | | date mailed notice | |

(Proposed for use by the Court)

## ORDER

Before this Court is the motion of plaintiff, Scott Zeedyk, to strike or deny defendant's notice of removal. Plaintiff is a citizen of Illinois. Defendant, Merck, is a citizen of New Jersey. This case involves failure to warn claims and allegations that VIOXX, a prescription medicine manufactured by Merck, caused plaintiff, Zeedyk, to sustain life-threatening injuries.

On May 8, 2002, plaintiff filed his original complaint against the defendant in the Circuit Court of Cook County. On May 20, 2002, the defendant was served with service of process. On this date as well, plaintiff was granted leave of court by the Circuit Court to file an amended complaint instanter. On May 29, 2002, this amended complaint was served on the defendant. Pursuant to 28 U.S.C. § 1332, the defendant filed its first notice of removal, on June 12, 2002, based on its receipt of the original complaint, and on its subsequent receipt of the amended complaint, filed an amended notice of removal on June 25, 2002.

Plaintiff moves to remand because it alleges that Merck failed to conform to Local Rule 81.2. This rule requires that the notice of removal be accompanied by a statement of good faith that the jurisdictional limit is met and by either a response by plaintiff to a request to admit or a response to an interrogatory stating that the jurisdictional limit is met or proof of the failure to respond to such a request to admit or interrogatory. Merck did not provide any such responses with its notice of removal. Defendant argues that where, as here, the complaint clearly establishes that the amount in controversy is in excess of the jurisdictional minimum, the defendant need not establish satisfaction of the jurisdictional minimum through the procedure outlined in Local Rule 81.2.

This Court has previously explained that Local Rule 81.2 is "not the exclusive way in which the jurisdiction amount could be established in a case removed from an Illinois court." Murphy v. Avon Products, Inc., No. 02-C-146, 2002 WL 808388 (N.D. Ill. April 30, 2002); Huntsman v. Whitehouse, No. 97-C-3842, 1997 WL 548043 (N.D. Ill. Sept. 12, 1997). Zeedyk seeks, inter alia, compensatory and punitive damages for Merck's alleged knowing, intentional, willful, reckless, and malicious failure to warn. Plaintiffs seeking similar relief against other pharmaceutical manufacturer defendants and making similar allegations of failure to warn received jury awards well in excess of $75,000. See, e.g., Proctor v. Upjohn, 291 Ill.App.3d 265, 286-87 (Ill. App. 1997) (plaintiff received approximately $3 million in compensatory damages and $6 million in punitive damages for failure to warn claim); Batteast v. Wyeth Labs. Inc., 172 Ill. App.3d 114 (Ill. App. 1988) (upholding jury's award of approximately $9 million in compensatory damages and $13 million in punitive damages). Plaintiff attempted to defeat jurisdiction in this court by specifically pleading in the amended complaint that he was waiving his right to damages in excess of $75,000. However, this is impermissible under Illinois pleading rules, which forbid a plaintiff in a personal injury action from pleading in its complaint any amount of damages other than "the - minimum necessary to comply with the circuit rules of assignment where the claim is filed." 735 Ill. Comp. Stat. Ann. § 5/2-604 (West 2002); In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992). Thus, it is reasonably probable that the amount in controversy exceeds $75,000 where similar claims recovered damages well over that amount.

For the foregoing reasons, plaintiff's motion to remand for lack of subject matter jurisdiction is DENIED.

M00DF-56470

M00DA6-4419

U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
F I L E D

JUN 1 8 2002

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

JOHN ABRUSLEY, SR.                    :      DOCKET NO. 02-0196

VS.                                   :      JUDGE TRIMBLE

MERCK & CO., INC., ET AL.             :      MAGISTRATE JUDGE WILSON

### REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand or alternatively, motion for leave to amend and then remand. (doc. # 20).[1]

In the summer of 2001, John Abrusley Sr. went to see his doctor because he was experiencing hip pain. (Petition, ¶ 2). His doctor gave him an injection of Risticac and supplied him with samples of Vioxx. *Id.* Abrusley used the Vioxx for two to three weeks, before stopping. *Id.* at ¶ 4. However, several days later, Abrusley suffered a stroke and collapsed – breaking his wrist. *Id.* at ¶¶ 5-9. Abrusley believes that Vioxx caused his stroke and resulting injuries. *Id.* at ¶ 11. Accordingly, on January 11, 2002, Abrusley filed the instant action against the Vioxx manufacturer, Merck, & Co., Inc. ("Merck") in the 33rd Judicial District Court for the Parish of Allen, State of Louisiana. Also made defendant was John Doe, the fictitious name for Merck's salesman or detailer who provided the product samples to plaintiff's doctor.

On January 31, 2002, Merck, timely removed the case to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. Plaintiff is a Louisiana domiliary, and thus, is deemed a

---

[1] The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).



37

MDL06F76031

M0CDA64420

citizen of this state for purposes of jurisdiction. (Petition, preamble). Merck is a New Jersey corporation, with its principal place of business in said state. (Notice of Removal, ¶ 6). The citizenship of John Doe was disregarded because he is a fictitious party. 28 U.S.C. § 1441(a).

On March 17, 2002, plaintiff filed the instant, well-written, motion to remand or alternatively, motion for leave to amend and then remand.[2] Plaintiff contends that because John Doe was sufficiently described in the complaint and readily identifiable by Merck, then he should be considered for purposes of assessing diversity.[3] *Ibieta v. Brinks*, 1997 WL 781291 (E.D. La. 1997); *Tomkins v. Lowe's Home Center, Inc.*, 847 F.Supp. 462 (E.D. La. 1994). We respectfully disagree with these cases. Section 1441(a) unequivocally states that ". . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). No exceptions are contemplated by this rule, and we are not at liberty to impose any.

Even if we treated John Doe as a named, non-diverse defendant, then it would have been incumbent upon the removing defendant to establish that plaintiff had no possibility of recovery against the in-state defendant, and that he had been joined merely to defeat diversity. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)(citing, *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)). Here, defendant satisfied that burden.

In *Furlough v. Warner Lambert Co.*, we recognized that under Louisiana law the only duty owed by detailmen is to deliver and explain the new package inserts to the physicians in their territory. *Furlough v. Warner Lambert Co.*, Civil Action No. 3:01-0704 (W.D. La. 8/8 &

---

[2] After delay for discovery and briefing, the matter is now before the court.

[3] Plaintiff does not contest that the amount in controversy exceeds the requisite jurisdictional minimum. *See*, 28 U.S.C. § 1332. Moreover, we have reviewed plaintiff's allegations and the Notice of Removal. (*See*, Notice of Removal, ¶ 5). We are satisfied that plaintiff's claims exceed the jurisdictional minimum.

2

MDL6F7X0732

M00DA64421

9/13/01)(citing, *Wallace v. Upjohn Co.*, 535 So.2d 1110 (La. App. 1ˢᵗ Cir. 1988)). However, the instant plaintiff's original petition is devoid of any specific allegations that John Doe, (a detailman) failed to provide the product insert to his physician or that he failed to explain the product insert.⁴ Thus, on its face, plaintiff's petition does not state a cause of action against the fictitious defendant, and plaintiff had no possibility of recovery against said defendant at the time of removal. John Doe is properly excluded from the assessment of diversity.

Plaintiff alternatively seeks to amend his petition to substitute Bryant Tansil for John Doe, and to add defendant-detailmen/salesmen, Sonja Ragusa, James White, Stacey Walters, John Matthews, Vincent Moronto, John Matthews, and Sonya Brantley. (*See*, First Supplemental and Amending Complaint). Plaintiff alleges that these individual defendants are Louisiana residents.⁵ Of course, the post-removal joinder of any non-diverse defendant will destroy diversity jurisdiction and require remand. *Cobb v. Delta Exports, Inc.*, 186 F.3d 675 (5ᵗʰ Cir. 1999); 28 U.S.C. § 1447(e).⁶

In *Hensgens v. Deere and Company*, the Fifth Circuit stated that "the district court, when confronted with an amendment to add a non-diverse non-indispensable party, should use its

---

⁴ The closest that plaintiff comes to stating an actionable claim against John Doe is his allegation that he failed to convey the hazardous and dangerous nature of Vioxx to plaintiff and his physician. (Petition, ¶ 15, 53). However, this declaration does not specifically allege that the detailman failed to deliver or explain the package inserts to the prescribing physician. *See*, *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5ᵗʰ Cir. 1999)(a petition which fails to state any specific actionable conduct on the part of a non-diverse defendant does not satisfy the liberalized requirements of notice pleading such as to state a valid cause of action); *Hart v. Bayer Corp.*, 199 F.3d 239, 247-248 (5ᵗʰ Cir. 1999).

⁵ Presumably, they are Louisiana domiciliaries.

⁶ The post-removal substitution for a fictitious defendant is also analyzed under 28 U.S.C. § 1447(e). *See*, *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470 (5ᵗʰ Cir. 2001).

3

MDL65 260133

M00DA864422

discretion in deciding whether to allow that party to be added. . . ." *Hensgens v. Deere and Company*, 833 F.2d 1179, 1182 (5th Cir. 1987)(citations omitted).[7] In exercising its discretion, the district court is to consider the following factors.

> . . . the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for an amendment, whether plaintiff will be significantly injured if an amendment is not allowed, and any other factors bearing on the equities.

*Hensgens*, 833 F.2d at 1182.

Our first consideration is the extent to which the purpose of the amendment is to defeat federal jurisdiction. Related to this issue is whether plaintiff has a real possibility of recovery against the proposed defendants. *See, Cobb*, 186 F.3d at 678 (a court should never permit the joinder of a jurisdiction-destroying defendant when recovery against that defendant is not really possible). Without question, plaintiff's amended complaint alleges a cause of action against the putative individual defendants.[8] However, Merck submitted an uncontroverted affidavit which establishes that prior to the summer of 2001, putative defendant, Stacy K. Walters, provided the Vioxx product circular to Dr. Nesom (plaintiff's doctor), and explained it to him. (Def. Exh. C). Thus, Walters discharged her limited duty as a detailman. Moreover, even if the remaining putative defendants did not discharge their individual duties to provide and explain the product inserts to Dr. Nesom, any breach of that duty could not have been a cause-in-fact of plaintiff's injuries because Stacy Walters provided that information to Dr. Nesom prior to the summer of

---

[7] *Hensgens* was decided prior to the 1988 enactment of 28 U.S.C. § 1447(e). However, some courts have suggested that § 1447(e) was a codification of *Hensgens*. *See, Heininger v. Wecare Distributors, Inc.*, 706 F.Supp. 860, 862, n. 4 (S.D. Fla. 1989); *Chism v. Burlington Northern Railroad Co.*, 1996 Westlaw 408907 (N.D. Miss. 1996).

[8] *See e.g.*, ¶ 1(c)(the detailman/salesman did not convey or explain the Vioxx package inserts to plaintiff's physician).

4

M00DA64423

PLG96F59G72

2001. Accordingly, the uncontroverted evidence establishes that plaintiff does not have a real possibility of recovery against any of the putative individual defendants.

Independent of plaintiff's chances of recovery against the individual defendants, we note that the nature of the claims and parties in this case strongly indicate that the primary purpose of the amendment is to defeat federal subject matter jurisdiction. Plaintiff alleges that the detailmen/salesmen are employees of Merck. Thus, Merck would be vicariously liable for any negligence committed by its employees within the course and scope of their employment. The joinder of Merck's employees adds nothing to plaintiff's case – except to secure remand to state court.

Merck concedes that plaintiff was not dilatory in seeking leave to amend. However, Merck alleges that plaintiff will not be significantly injured if the amendment is disallowed. We agree. As stated above, Merck is vicariously liable for its employees' negligence. Merck is fully capable of satisfying any judgment against it. To the extent that Merck could prove insolvent à la Enron or Global Crossing, the fiscal health of the individual employees would be no better. They would find themselves unemployed and struggling to meet mortgage and credit card payments.[1]

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's motion to remand or alternatively, motion for leave to amend and then remand [doc. # 20], be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

_____
[1] There are no other dispositive equities to be considered.

5

MDL 1657

M00JA64424

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS

AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10)

BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED

PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN

ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL

CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 18th day of

June, 2002.

COPY SENT:
DATE: 6/18/02
BY: _____
TO: Hodge
    McCall
    Cohen
    AAWIBB
    JB

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

6

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN - 5 2002

at _____ o'clock and ___ min. __ M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

DONNA MEIFERT JONES, ETC., ET ) CIVIL NO. 02-00186 SOM-LEK
AL., )
)
Plaintiffs, )
)
vs. )
)
MERCK & COMPANY, INC., ET )
AL., )
)
Defendants. )
_____ )

FINDINGS AND RECOMMENDATION
DENYING PLAINTIFF'S MOTION TO REMAND

On November 23, 2001, Plaintiff Donna Meifert Jones,

individually and as Personal Representative of the Estate of

Frank Newton Jones, Jr., also known as Frank N. Jones, deceased,

("Plaintiff"), filed a Complaint in the Circuit Court of the

First Circuit State of Hawaii against Defendant Merck & Company,

Inc. ("Defendant"), alleging inter alia, strict liability,

negligence, negligence per se, breach of implied warranty, breach

of express warranty, deceit by concealment, negligent

misrepresentation, violation of the Uniform Deceptive Trade

Practices Act, Chapter 481A, Hawaii Revised Statutes ("HRS"), HRS

§ 480-2, and punitive damages. On March 28, 2002, Defendant

M00561'29737

M00DA64426

filed a Notice of Removal in the United States District Court for the District of Hawaii pursuant to 28 U.S.C. § 1441(a).

On April 26, 2002, Plaintiff filed the instant Motion to Remand, which District Judge Susan Oki Mollway referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) on April 29, 2002. Defendant filed its opposition on May 17, 2002, and Plaintiff replied on May 23, 2002. Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the parties' submissions and arguments, this Court FINDS that the action was properly removed from state court, and thus, RECOMMENDS that Plaintiff's motion be DENIED in its entirety.

### DISCUSSION

Defendant removed this case from state court on the basis of diversity jurisdiction. A federal district court has original jurisdiction over all civil actions involving citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a). When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

Plaintiff now contends that discovery has revealed four

2

M00Sf 26038

M00DA64427

distributors who "may have distributed Vioxx in Hawaii." (Pl.'s
Mem. in Supp. at 4.)  While Plaintiff admits that further
discovery is needed to ascertain the nature and extent of Vioxx
distribution in Hawaii, Plaintiff asserts an intent to add these
distributors to the action.  Further, Plaintiff suggests that
because these distributors "are licensed to do business in the
State of Hawaii," (Id.) the addition of these distributor
defendants will destroy diversity jurisdiction and divest the
Court of its subject matter jurisdiction.

It is well-established that the Court's diversity
jurisdiction is determined at the time the notice of removal is
filed.  See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303
U.S. 283, 289 (1938).  Furthermore, under the removal statute,
the citizenship of defendants sued under fictitious names is to
be explicitly disregarded for purposes of diversity removal.  See
28 U.S.C. § 1441(a).[1]

Plaintiff is a citizen of the State of Hawaii.
Defendant, whose principal place of business is in the State of

---

[1] The statute states, in pertinent part, "[f]or purposes of
removal under this chapter, the citizenship of defendants sued
under fictitious names shall be disregarded." 28 U.S.C.
§ 1441(a).  This language was added in 1988 under the Judicial
Improvements and Access to Justice Act, in order to curtail the
practice of naming fictitious defendants merely to destroy
diversity.  See Wright & Miller, Federal Practice & Procedure §
3642.

3

MRDE-F9039

MODAG4428

New Jersey, is a citizen of New Jersey.  It is undisputed, therefore, that complete diversity exists between Plaintiff and Defendant and that the Court has diversity jurisdiction in this action.  Moreover, given the explicit language of the removal statute, the Court must necessarily disregard the citizenship of the unnamed defendants.[1]

Nevertheless, the Court is convinced that mere allegations that the unnamed defendants may be residents of Hawaii without more, is insufficient to destroy diversity.  Plaintiff's papers seem to suggest that further discovery is necessary to ascertain the identity and citizenship of the unnamed defendants.  Under the circumstances, therefore, there is no specific reason to believe that the unnamed defendants will prove to be Hawaii citizens.

Accordingly, and based on the clear language of 28 U.S.C. § 1441(a), this Court FINDS that removal was proper, and thus, RECOMMENDS that Plaintiff's Motion to Remand be DENIED.[2]

---

[1] While Plaintiff's Memorandum in Support identified the distributors as McKesson Corporation, McKesson Drug Company, Amerisource Bergen and R. Weinstein, Inc., Plaintiff's Reply states "Plaintiff does not have the identity of the Hawaii distributor of Vioxx."  (Pl.'s Reply at 2.)  Accordingly, and given that Plaintiff has not moved to amend the Complaint to include these defendants, the Court treats these defendants as unnamed.

[2] Defendant aptly cites to Newcombe v. Adolf Coors Co., 157 F.3d 686 (9th Cir. 1998), and points out that the "proper

6

M0CDA64429

## CONCLUSION

For the foregoing reasons this Court FINDS and
RECOMMENDS that Plaintiff's Motion to Remand be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii; _____ June 5, 2002 _____

_____
LESLIE E. KOBAYASHI
United States Magistrate Judge

DONNA MEIFERT JONES, ETC., ET AL. V. MERCK & COMPANY, INC., ET
AL; CIVIL NO. 02-00186 SOM-LEK; FINDINGS AND RECOMMENDATION
DENYING PLAINTIFF'S MOTION TO REMAND

procedure" would have been for Plaintiff to first seek to add the
unnamed defendants and then to move to remand. Id. at 691 n.2.
This Court agrees, and further notes that the ruling herein is
consistent with the rationale set forth in Newcombe. See id. at
690 ("[7]he district court was correct in only considering the
domicile of the named defendants . . . . [Plaintiff] filed this
suit knowing that there was complete diversity among the named
defendants and that removal was a real possibility.").

5